IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL GREENE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:21-cv-00511 |
| AMAZON.COM SERVICES, LLC, | § § | JURY DEMANDED |
| Defendant. | § § § | |

**DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Amazon.com Services, LLC ("Amazon" or "Defendant") files its First Amended Answer and Affirmative and Other Defenses to Plaintiff Paul Greene's Complaint ("Complaint").

## I. ANSWER

Amazon makes the following responses to the respective designated and numbered allegations set forth in the Complaint.

### Nature of the Action

1. Amazon admits only that this is an action brought under the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 12101, et seq., as amended, but denies that there is any factual or legal basis for Plaintiff's claims. To the extent a response is required, Defendant denies each and every other allegation set forth in Paragraph 1 of the Complaint.

2. Amazon admits only that Plaintiff asserts legal and equitable wrongs he allegedly suffered but denies that there is any factual or legal basis for the claims or that he suffered any such legal or equitable wrongs. Defendant denies each and every other allegation set forth in Paragraph 2 of the Complaint.

## Jurisdiction and Venue

3. Amazon admits only that Plaintiff invokes jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, and 1337, and pursuant to 29 U.S.C. § 12101, et seq., but denies that there is any factual or legal basis for Plaintiff's claims.

4. Amazon admits only that jurisdiction is proper in the United States District Court for the Northern District of Texas, Fort Worth Division, but denies that there is any factual or legal basis for Plaintiff's claims. Defendant denies each and every other allegation set forth in Paragraph 4 of the Complaint.

## Parties

5. Amazon admits only that Paul Greene is a natural person. Amazon lacks sufficient knowledge or information to form a belief about where Plaintiff resides.

6. Amazon admits the allegations in Paragraph 6 of the Complaint.

## Factual Allegations

7. Amazon admits the allegations in Paragraph 7 of the Complaint.

8. Amazon admits only that Plaintiff's right leg is amputated below the knee and that Plaintiff reported that he was disabled at the time of his hire. Amazon denies each and every other allegation set forth in Paragraph 8 of the Complaint.

9. Amazon denies each and every allegation in Paragraph 9 of the Complaint.

10. Amazon admits only that Plaintiff was assigned to the Pack Singles Department for the majority of his employment with Amazon. Amazon denies each and every other allegation set forth in Paragraph 10 of the Complaint.

11. Amazon denies each and every allegation in Paragraph 11 of the Complaint.

12. Amazon denies each and every allegation in Paragraph 12 of the Complaint.

13.     Amazon denies each and every allegation in Paragraph 13 of the Complaint.

## Exhaustion of Administrative Remedies

14.     Amazon admits only that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Right to Sue Letter on March 17, 2020. However, Amazon denies that Plaintiff met all procedural prerequisites of bringing this action.  Specifically, this lawsuit was filed more than a year after the Right to Sue letter was issued.  Amazon lacks sufficient knowledge or information to form a belief about the date on which Plaintiff received the Right to Sue Letter and therefore denies each and every allegation set forth in Paragraph 14 of the Complaint that is not specifically admitted herein, and specifically denies that Plaintiff has satisfied all conditions precedent to bringing this action.

## Violations of Americans With Disabilities Act

15.     Amazon incorporates, by reference, its prior responses to the above respective numbered Paragraphs.

16.     Amazon admits only that Plaintiff reported he is disabled and that he has a below the knee amputation.  Amazon denies each and every other allegation set forth in Paragraph 16 of the Complaint.

17.     Amazon admits that, from September 29, 2016 to September 7, 2018, Plaintiff was its employee within the meaning of the ADA. Amazon denies each and every other allegation set forth in Paragraph 17 of the Complaint.

18.     Amazon admits the allegation set forth in Paragraph 18 of the Complaint.

19.     Amazon denies each and every allegation set forth in Paragraph 19 of the Complaint.

20.     Amazon denies each and every allegation set forth in Paragraph 20 of the Complaint.

### Attorneys' Fees

21. Amazon admits only that Plaintiff requests an award of attorneys' fees, as well as expenses and court costs, but denies that Plaintiff is entitled to damages or relief, including taxable court costs and attorneys' fees, at the trial court level or in the event of any subsequent appeals.

### Jury Demand

22. Amazon admits only that Plaintiff demands a jury but denies that he is entitled to any requested relief.

Defendant denies each and every factual allegation set forth in the Plaintiff's **Prayer for Relief, including subsections A-E,** and specifically denies that Plaintiff is entitled to damages or relief, including back pay, front pay, compensatory damages, exemplary damages, punitive damages, pre and post-judgment interest, and/or taxable court costs, including attorneys' fees.

### II. GENERAL DENIAL

In accordance with Federal Rule of Civil Procedure 8(b)(3), Amazon generally denies all allegations in the Complaint except for those that it specifically admits.

### III. AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Amazon asserts the following defenses:

1. Greene's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Greene's claims are barred, in whole or in part, by the applicable statutes of limitation.

3. Greene's claims are barred, in whole or in part, to the extent Greene failed to timely exhaust his administrative remedies with respect to such claims or to the extent that such claims were not properly alleged or within the scope of his charge of discrimination.

4. Greene's claims fail, in whole or in part, because Greene cannot establish that he was treated less favorably than any similarly situated employees who were outside of his protected class under nearly identical circumstances.

5. Greene's claims fail, in whole or in part, because all alleged adverse employment actions taken against Greene were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

6. Greene's claims fail, in whole or in part, because he cannot establish that he would not have been discharged but for his alleged disability or any request for reasonable accommodation.

7. Greene's claims are barred, in whole or in part, because Amazon's actions were job-related and/or justified by business necessity.

8. At all times, Amazon engaged in the interactive process with Greene in good faith.

9. The employment actions about which Greene complains were taken for reasons wholly unrelated to Greene's alleged disability, and Plaintiff's alleged disability and/or request for reasonable accommodation, if any, were not motivating or determinative factors in any of Amazon's decisions or actions related to Greene.

10. Alternatively, Greene's claims fail, in whole or in part, because Amazon would have taken the same alleged adverse employment actions against Greene in the absence of any alleged impermissible motivating factors, including any alleged disability or request for reasonable accommodation.

11. Greene's damages, to the extent he has experienced any, were caused solely by Greene—not Amazon.

12. Greene's claims are barred, in whole or in part, because Greene failed to participate in the interactive process.

13. Greene's damages, to the extent he has experienced any, are limited by all applicable statutory damages caps and limitations provided by law.

14. Greene's damages, if any, should be reduced, in whole or in part, to the extent he failed to take reasonable measures to mitigate any such damages.

15. Amazon is entitled to offset any damages found to be owed by all compensation or income Greene has received from any source subsequent to his employment with Amazon.

16. Greene is not entitled to recover actual, punitive, or liquidated damages under multiple or different theories and causes of action for the same or similar acts. Greene is entitled to only one remedy for his claims.

17. Greene is not entitled to recover punitive damages because, in connection with Greene's employment with Amazon, Amazon made all decisions and took all actions in good faith.

18. Greene is not entitled to recover punitive damages because any alleged discrimination or retaliation would be contrary to Amazon's good faith efforts to comply with all state and federal laws prohibiting such conduct. Amazon at all times had in place policies that prohibit and provided training to eliminate disability discrimination in the workplace including in the accommodation process.

19. Greene is not entitled to recover punitive damages because he cannot establish that Amazon made any decisions or took any actions with actual malice or reckless indifference to cause Greene injury.

20. Amazon reserves the right to add any and all additional defenses as they become known through discovery or investigation.

WHEREFORE, Defendant Amazon.com Services, LLC respectfully prays that Greene's Complaint be dismissed and denied, with prejudice, that Greene take nothing by his suit, and that Amazon recover its costs of court and reasonable attorneys' fees and all other relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Lauren A. West*
Lauren A. West
Texas Bar No. 24070831
lauren.west@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main St., Suite 3200
Dallas, TX 75201
Telephone:  214.466.4000
Facsimile:  214.466.4001

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the counsel of record in this matter.

*/s/ Lauren A. West*
Lauren A. West